**Not for publication**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
:
ELAINE MATTHEWS, :
:
               Plaintiff, :      Civil Action No. 09-5587 (JAP)
   v. :
:      **OPINION**
WILLIAM H. CARSON, :
:
               Defendant. :
_____ :

PISANO, District Judge:

Presently before the Court is defendant William H. Carson's motion to dismiss plaintiff Elaine Matthews's complaint for failure to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the defendant's motion to dismiss is granted.

I. Background[1]

Plaintiff filed her complaint in this case against Dr. Carson on November 4, 2009 seeking a court order compelling Dr. Carson to speak with her regarding records from her involuntary commitment at the Medical University of South Carolina (the "Medical University"). Plaintiff was committed sometime prior to June 1998, when Dr. Carson stopped treating patients at the Medical University. Carson Decl. at ¶ 3. Plaintiff's need to speak with Dr. Carson about her records arouse when she discovered that Brenton D. Glisson, another doctor on the Medical University staff during her commitment, has had

---

[1] Unless otherwise noted, all facts are taken from Plaintiff's complaint. In addressing Defendant's motion to dismiss, the Court must accept as true the allegations contained in the Complaint. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from the Complaint, and do not represent this Court's factual findings.

1

his medical license revoked "for multiple acts of sexual misconduct and boundary issues." Plaintiff claims to be distressed by her exposure to Dr. Glisson during the period of her commitment and by inconsistencies in her records. She feels that Dr. Carson is the only person who can answer her questions. Plaintiff alleges that Dr. Carson's refusal to communicate with her is a violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Recently, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 1964-65 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)..." *Twombly*, 127 S. Ct. at 1965 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombley*, 127 S. Ct. at 570.) This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Fowler v. UPMC Shadyside, 2009 WL 2501662, 5 (3d Cir. August 18, 2009) (citations omitted).

III. Discussion

In order to state a claim for a constitutional violation against an individual defendant pursuant to 42 U.S.C. § 1983, a plaintiff must alleged the violation was caused by an agent of the government or an individual acting under the color of law.[2] *Poling v. K. Hovnanian Enterprises*, 99 F.Supp.2d 502, 513 (D.N.J. 2000). Plaintiff's complaint is not based on a theory of medical malpractice or violations of her constitutional rights during her confinement. "Plaintiff's complaint is based on Plaintiff's reasonable need to speak with this Defendant by reason of what Plaintiff found out in July 2009." Pl. Resp. Br. at ¶¶ 1-2.

Plaintiff has not offered any fact that would indicate Dr. Carson is an agent of the government or was acting under color of law when he refused to speak with Plaintiff

---

[2] "*Pro se* filings are to be construed liberally;" therefore, the Court will treat Plaintiff's vague constitutional claims as being brought pursuant to 42 U.S.C. § 1983. *See*, *Hartmann v. Carroll*, 492 F.3d 478, 482 n. 8 (3d Cir. 2007).

3

about her medical records.  In her complaint, Plaintiff has failed to "provide the grounds of h[er] entitle[ment] to relief." *Twombly,* 127 S. Ct. 1955, 1964-65 (2007).  Therefore, Plaintiff's complaint must be dismissed.

Further, Dr. Carson does not have a legal duty to discuss Plaintiff's decade old medical records with her.  "Where a physician under appropriate circumstances ceases to attend a patient, his responsibility ordinarily ceases without any formality." *Clark v. Wichman*, 72 N.J.Super. 486, 491-92, (N.J. App. Div. 1962).  Generally, a doctor has no obligation to "respond to the call of a person, even one urgently in need of medical treatment," if a doctor/patient relationship does not exist at the time the call is made.  46 AmJur.2d Proof of Facts 373, §3.  Here, the relationship between Plaintiff and Dr. Carson ended not later than June 1998 when Dr. Carson left the Medical University.  Therefore, Dr. Carson has no legal duty to respond to Plaintiff's demand that he speak with her and cannot be held liable for his refusal to do so.

IV. Conclusion

For the reasons above, Defendant's motion to dismiss is granted.  An appropriate Order accompanies this opinion.

/s/ JOEL A. PISANO  
United States District Judge

Dated: February 17, 2010